DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**LENSKY JEANBART,**
Petitioner,

v.

**STATE OF FLORIDA,**
Respondent.

No. 4D18-689

[September 12, 2018]

Petition alleging ineffective assistance of counsel to the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Krista Marx, Judge; L.T. Case No. 50-2016-CF-002976-AXXX-MB.

Lensky Jeanbart, Jasper, pro se.

Pamela Jo Bondi, Attorney General, Tallahassee, and Rachael Kaiman, Assistant Attorney General, West Palm Beach, for respondent.

GROSS, J.

Lensky Jeanbart petitions for writ of habeas corpus alleging ineffective assistance of appellate counsel. We conclude that the failure to raise two issues in the appeal was "measurably outside the range of professionally acceptable performance." *Rutherford v. Moore*, 774 So. 2d 637, 643 (Fla. 2000) (citation omitted). We order a new appeal raising the issues identified below.

Jeanbart was convicted of two counts of attempted first degree murder, two counts of shooting into an occupied vehicle, and one count of accessory after the fact to burglary of a conveyance. Jeanbart was the driver of a Chevrolet from which a codefendant exited and shot at two people in cars. After the shooting, the codefendant got back into the car and Jeanbart drove away.

Hours later, the Chevrolet was involved in an accident while Jeanbart was still driving and the codefendant was in the passenger seat. A Broward Sheriff's deputy arrived at the accident scene to find Jeanbart out of the vehicle. At this point, the deputy was attempting to assess the

codefendant's condition. While the deputy was dealing with the codefendant, Jeanbart jumped into another vehicle and fled. As the deputy was calling for backup, the codefendant maneuvered himself from the passenger seat into the driver's seat of the Chevrolet and drove the vehicle away. The car was then involved in a second accident a short distance from the first accident. The police recovered two guns in the car. Jeanbart's DNA was found on the gun NOT involved in the shooting.

Jeanbart represented himself at trial. A witness testified that after the shooting started, Jeanbart turned the car around, came back to the scene to pick up the codefendant, and was yelling, "Let's go, let's go, you doing dumb shit right now."

One of Jeanbart's theories of defense was that the state could not prove intent because he was not aware that the codefendant was going to start shooting and he was not in agreement with the codefendant's actions. He wanted to argue that the shooter acted on his own and was out of control.

During his closing, Jeanbart told the jury that a witness had testified to hearing Jeanbart say, "Let's go, let's go, you doing dumb shit right now." The state objected that Jeanbart was arguing facts not in evidence and the trial court sustained the objection. Apparently, the judge did not remember the evidence.

Jeanbart tried to remind the judge that he was directly quoting a witness, but the trial court continued to sustain the objection. Jeanbart told the jury that they could go back and listen to the witness's testimony. The prosecutor moved to strike and Jeanbart argued "That's what was said." The court instructed the jury to disregard the statement.

For a second time, Jeanbart argued that the witness made it clear that there was a disagreement between Jeanbart and the codefendant. Jeanbart contended that this meant he did not know the codefendant intended to fire shots and did not want to participate. The state objected that Jeanbart was arguing facts not in evidence and moved to strike. The court sustained the objection and instructed the jury to disregard the comment.

For a third time, Jeanbart argued that the witness's testimony indicated that he did not know the crime was going to be committed. The court again sustained the state's objection and instructed the jury to disregard the comment.

A fourth time Jeanbart reminded the jury that the witness testified that Jeanbart told the codefendant "you doing dumb shit." The state again objected that Jeanbart was arguing facts not in evidence. Jeanbart suggested that the jury could have a read-back. The court sustained the objection and told the jury to disregard the statement.

This issue was preserved at trial and raised again in a motion for new trial. Seemingly, the witness's statement was the only evidence that Jeanbart may not have been in agreement with the codefendant's actions. The court's conduct amounted to a comment on the evidence—that the statement of a witness did not occur. The court's limitation on Jeanbart's closing argument should have been raised on direct appeal.

A second issue that should have been raised on appeal was the admission of the gun with Jeanbart's DNA, discovered hours after the shooting and which was not used in the charged crime itself. *See Agatheas v. State*, 77 So. 3d 1232 (Fla. 2011); *Downs v. State*, 65 So. 3d 594 (Fla. 4th DCA 2011).

New briefing will allow these issues to be raised in the context of all the evidence at trial.

DAMOORGIAN and FORST, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***